**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Matthew D. Yeager
Plaintiff,
v.
Jonathan D. Steele, et al.
Defendant.

Case No.: 1:26−cv−06793
Honorable Sharon Johnson Coleman

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, August 31, 2026:

MINUTE entry before the Honorable Sharon Johnson Coleman: The Court denies Mr. Yaeger's motion for reconsideration pursuant to Rule 59(e) [23]. A motion to reconsider serves a limited function and should only be presented when there has been a significant change in law or facts after the issue is presented to the Court, or the Court has "patently misunderstood a party," has "made a decision outside the adversarial issues presented" to it or has "made an error not of reasoning but of apprehension." Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990). "Such problems rarely arise and the motions to reconsider should be equally rare." Id. (internal quotations omitted). Here, Mr. Yaeger has not shown a material change in the facts, nor that the Court misunderstood the motion, nor that the Court based its decision on a factor outside adversarial (or, in this case, ex parte) presentation, nor that the Court made an error of apprehension rather than judgment. Mr. Yaeger has not shown that any First Amendment injury has occurred or is likely to occur. Defendants are not state actors; they therefore are not bound by the First Amendment. Fairley v. Andrews, 578 F.3d 518, 524 (7th Cir. 2009). That distinguishes this case from Am. Acad. of Pediatrics v. Uthmeier, cited by Mr. Yaeger, where the defendant is the attorney general of Florida. No. 26 C 2401, 2026 WL 1552734 (N.D. Ill. June 2, 2026). Moreover, the injunction entered by Judge Kennelly in that order is currently stayed by the Seventh Circuit, meaning that it has essentially no precedential value. See Am. Acad. of Pediatrics v. Uthmeier, 180 F.4th 1022 (7th Cir. 2026). More broadly, Mr. Yaeger';s access to the Courts has demonstrably not been chilled, as his active litigation in this case amply shows. The only other harm alleged is monetary, and nothing in Mr. Yaeger's new motion disturbs the Court's finding that his potential monetary injuries would constitute irreparable harm. If Mr. Yaeger believes that Defendants' pursuit of fees in the state court proceeding is incorrect, then he must contest them in state court. If the state court judge rules against Mr. Yaeger, then he can appeal that decision to the state appellate courts. But this federal Court has no role to play. The motion for reconsideration [23] is denied. Finally, after further investigation, the Court has determined that Mr. Yaeger's TRO motion was automatically filed under seal by the Clerk's Office because Mr. Yaeger titled it as an "Emergency Ex Parte Motion." Mr. Yaeger thus appears not to have violated Local Rule 26.2. The Court therefore rescinds the portion of its previous order in dkt. 22 criticizing Mr. Yaeger for filing his motion under seal without requesting permission and directing Mr. Yaeger to move to seal his

TRO motion, or else to withdraw and strike the motion. Mailed notice. (ym)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.