BC

FILED
9/3/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

VW

**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MATTHEW D. YEAGER,<br>Plaintiff,<br>v.<br>JONATHAN D. STEELE et al.,<br>Defendants. | Civil No. 1:26-cv-06793<br>District Judge Sharon Johnson Coleman |

## NOTICE OF APPEAL

**NOTICE IS HEREBY GIVEN** that Matthew D. Yeager, plaintiff in the above named case, hereby appeals to the United States Court of Appeals for the Seventh Circuit from:

**a.** the order, signed by District Judge Coleman, denying injunctive relief, filed in this matter on August 24, 2026 under docket entry 22;

**b.** the order, signed by District Judge Coleman, denying Rule 59(e) alteration of the abovedescribed order denying injunctive relief in this matter, filed in this matter on August 31, 2026 under docket entry 24;

**Dated: September 3, 2026**

Respectfully submitted,

/s/ Matthew D. Yeager, In Pro Se
1047 Hickory Drive
Western Springs, IL 60558
Email: matthewyeager2024@gmail.com
Tel: (630) 862-1123

## CERTIFICATE OF SERVICE

The undersigned certifies that this paper and all attachments were (a) electronically filed with the clerk of this Court on September 3, 2026, and (b) provided via email to the attorneys who have entered their appearances in this matter per the contact details listed below.

**Electronic Service on Attorneys**

mdelster@beermannlaw.com
for Defendants

/s/ Matthew D. Yeager

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Matthew D. Yeager
Plaintiff,
v.
Case No.: 1:26−cv−06793
Honorable Sharon Johnson Coleman
Jonathan D. Steele, et al.
Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Monday, August 24, 2026:

MINUTE entry before the Honorable Sharon Johnson Coleman: The Court denies Mr. Yaeger's emergency motion for an ex parte temporary restraining order ("TRO") [21]. The Court considers it improper and inconsistent with the principles of Federalism to enter a TRO restraining a party from seeking relief to which it believes it is entitled in a state court. Mr. Yaeger obviously believes that Defendants are incorrect to seek fees related to this cost of this litigation in the underlying state court dispute, but the place to contest such fees is in the courts of Illinois, not in Federal court. Indeed, from Mr. Yaeger's brief, it appears that the state judge may already agree with him. See dkt. 21 at *13. Moreover, the Court does not find that Mr. Yaeger will suffer any irreparable harm, as any improperly awarded fees can be reversed later. See, e.g., American Hosp. Ass'n v. Harris, 625 F.2d 1328, 1331 (7th Cir.1980) (mere monetary injuries, however substantial, are not enough to constitute irreparable harm). Because Mr. Yaeger cannot show that he is subject to irreparable harm, he does not meet the criteria for a TRO, so the Court must deny the motion. See, e.g., Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008) ("Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction.") Finally, the Court observes that Mr. Yaeger has filed his motion under seal without following the procedures in Local Rule 26.2 for requesting permission from the Court to do so. The Court directs Mr. Yaeger to file a motion by 8/31/2026 seeking leave to file under seal and explaining why filing under seal is necessary. Alternatively, Mr. Yaeger may file a motion to withdraw and strike his denied emergency motion for a TRO. If the Court does not receive a timely filing from Mr. Yaeger, then it will order the motion unsealed on 9/1/2026. Mailed notice. (ym)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please

refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Matthew D. Yeager
Plaintiff,
v.
Jonathan D. Steele, et al.
Defendant.

Case No.: 1:26−cv−06793
Honorable Sharon Johnson Coleman

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, August 31, 2026:

MINUTE entry before the Honorable Sharon Johnson Coleman: The Court denies Mr. Yaeger's motion for reconsideration pursuant to Rule 59(e) [23]. A motion to reconsider serves a limited function and should only be presented when there has been a significant change in law or facts after the issue is presented to the Court, or the Court has "patently misunderstood a party," has "made a decision outside the adversarial issues presented" to it or has "made an error not of reasoning but of apprehension." Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990). "Such problems rarely arise and the motions to reconsider should be equally rare." Id. (internal quotations omitted). Here, Mr. Yaeger has not shown a material change in the facts, nor that the Court misunderstood the motion, nor that the Court based its decision on a factor outside adversarial (or, in this case, ex parte) presentation, nor that the Court made an error of apprehension rather than judgment. Mr. Yaeger has not shown that any First Amendment injury has occurred or is likely to occur. Defendants are not state actors; they therefore are not bound by the First Amendment. Fairley v. Andrews, 578 F.3d 518, 524 (7th Cir. 2009). That distinguishes this case from Am. Acad. of Pediatrics v. Uthmeier, cited by Mr. Yaeger, where the defendant is the attorney general of Florida. No. 26 C 2401, 2026 WL 1552734 (N.D. Ill. June 2, 2026). Moreover, the injunction entered by Judge Kennelly in that order is currently stayed by the Seventh Circuit, meaning that it has essentially no precedential value. See Am. Acad. of Pediatrics v. Uthmeier, 180 F.4th 1022 (7th Cir. 2026). More broadly, Mr. Yaeger';s access to the Courts has demonstrably not been chilled, as his active litigation in this case amply shows. The only other harm alleged is monetary, and nothing in Mr. Yaeger's new motion disturbs the Court's finding that his potential monetary injuries would constitute irreparable harm. If Mr. Yaeger believes that Defendants' pursuit of fees in the state court proceeding is incorrect, then he must contest them in state court. If the state court judge rules against Mr. Yaeger, then he can appeal that decision to the state appellate courts. But this federal Court has no role to play. The motion for reconsideration [23] is denied. Finally, after further investigation, the Court has determined that Mr. Yaeger's TRO motion was automatically filed under seal by the Clerk's Office because Mr. Yaeger titled it as an "Emergency Ex Parte Motion." Mr. Yaeger thus appears not to have violated Local Rule 26.2. The Court therefore rescinds the portion of its previous order in dkt. 22 criticizing Mr. Yaeger for filing his motion under seal without requesting permission and directing Mr. Yaeger to move to seal his

TRO motion, or else to withdraw and strike the motion. Mailed notice. (ym)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

APPEAL,HOLLEB HOTALING

# United States District Court
## Northern District of Illinois - CM/ECF NextGen 1.9 (rev. 1.9) (Chicago)
## CIVIL DOCKET FOR CASE #: 1:26-cv-06793
## Internal Use Only

Yeager v. Steele et al
Assigned to: Honorable Sharon Johnson Coleman
Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 06/08/2026
Jury Demand: Plaintiff
Nature of Suit: 850 Securities/Commodities
Jurisdiction: Federal Question

**Plaintiff**

**Matthew D. Yeager** represented by **Matthew D. Yeager**
1047 Hickory Drive
Western Springs, IL 60558
630-862-1123
Email: matthewyeager2024@gmail.com
PRO SE

V.

**Defendant**

**Jonathan D. Steele**
*Esq.*

represented by **Matthew David Elster**
Beermann LLP
161 N Clark Street
Suite 3000
Chicago, IL 60601
(312) 621-1232
Fax: Active
Email: mdelster@beermannlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Candace L. Meyers**
*Esq.*

represented by **Matthew David Elster**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**John M. D'Arco**
*Esq.*

represented by **Matthew David Elster**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Beermann LLP** represented by **Matthew David Elster**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Pamela Sochor** represented by **Matthew David Elster**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kwame Raoul**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/08/2026 | 1 | RECEIVED Complaint and no copies by Matthew D. Yeager (Received via pro se online portal on 6/8/2026) (emc, ) (Entered: 06/09/2026) |
| 06/08/2026 | 2 | CIVIL Cover Sheet (Received via pro se online portal on 6/8/2026) (emc, ) (Entered: 06/09/2026) |
| 06/08/2026 | 3 | PRO SE Appearance by Plaintiff Matthew D. Yeager (Received via pro se online portal on 6/8/2026) (emc, ) (Entered: 06/09/2026) |
| 06/09/2026 | | CASE ASSIGNED to the Honorable Sharon Johnson Coleman. Designated as Magistrate Judge the Honorable Keri L. Holleb Hotaling. FEE DUE, NO INFORMA PAUPERIS APPLICATION SUBMITTED. Case assignment: Random assignment. (Civil Category 2). (emc, ) (Entered: 06/09/2026) |
| 06/09/2026 | | CLERK'S NOTICE: Pursuant to Local Rule 73.1(b), a United States Magistrate Judge of this court is available to conduct all proceedings in this civil action. If all parties consent to have the currently assigned United States Magistrate Judge conduct all proceedings in this case, including trial, the entry of final judgment, and all post-trial proceedings, all parties must sign their names on the attached Consent To form. This consent form is eligible for filing only if executed by all parties. The parties can also express their consent to jurisdiction by a magistrate judge in any joint filing, including the Joint Initial Status Report or proposed Case Management Order. (emc, ) (Entered: 06/09/2026) |
| 06/09/2026 | 4 | ORDER: Local Rule 3.3 requires that any document submitted for filing for which a filing fee is required must be accompanied either by the appropriate fee or an In Forma Pauperis Application and Financial Affidavit. No filing fee or IFP petition was submitted at the time of filing this matter. Matthew D. Yeager is directed to pay the required filing fee or submit a completed In Forma Pauperis Application and Financial Affidavit within 15 days of this notification. Pursuant to LR 3.3(f), failure to comply with this order may result in sanctions, including dismissal of the action by the assigned judge. Signed by the Executive Committee. (emc, ) (Entered: 06/09/2026) |
| 06/10/2026 | 5 | MINUTE entry before the Honorable Sharon Johnson Coleman: This case has been assigned to the calendar of Judge Sharon Johnson Coleman. Plaintiff shall pay the $405 filing fee or file an application for leave to proceed in forma pauperis by 7/10/2026. The application for leave to proceed in forma pauperis can be found on the court's website at www.ilnd.uscourts.gov. If plaintiff does file the in forma pauperis application or pay the filing fee, the Court may dismiss the matter for want of prosecution. Mailed notice. (ym) (Entered: 06/10/2026) |

| | | |
|---|---|---|
| 06/15/2026 | 7 | COMPLAINT filed by Matthew D. Yeager; Jury Demand. (nsf, ) (Entered: 06/15/2026) |
| 06/15/2026 | 8 | SUMMONS Issued (Court Participant) as to Defendants Beermann LLP, John M. D'Arco, Candace L. Meyers, Kwame Raoul, Pamela Sochor, Jonathan D. Steele (Attachments: # 1 Summons for Beermann LLP, # 2 Summons for John M. D'Arco, # 3 Summons for Jonathan D. Steele, # 4 Summons for Candace L. Meyers, # 5 Summons for Kwame Raoul)(jm, ) (Entered: 06/16/2026) |
| 06/18/2026 | 9 | WAIVER OF SERVICE returned executed by Pamela Sochor, Beermann LLP, Jonathan D. Steele, Candace L. Meyers, John M. D'Arco. Pamela Sochor waiver sent on 6/18/2026, answer due 8/17/2026; Beermann LLP waiver sent on 6/18/2026, answer due 8/17/2026; Jonathan D. Steele waiver sent on 6/18/2026, answer due 8/17/2026; Candace L. Meyers waiver sent on 6/18/2026, answer due 8/17/2026; John M. D'Arco waiver sent on 6/18/2026, answer due 8/17/2026. (Elster, Matthew) (Entered: 06/18/2026) |
| 06/18/2026 | 10 | ATTORNEY Appearance for Defendants Beermann LLP, John M. D'Arco, Candace L. Meyers, Pamela Sochor, Jonathan D. Steele by Matthew David Elster (Elster, Matthew) (Entered: 06/18/2026) |
| 06/19/2026 | 11 | CERTIFICATE of Service *of Rule 11 Safe Harbor Letter* by Matthew David Elster on behalf of Beermann LLP, John M. D'Arco, Candace L. Meyers, Pamela Sochor, Jonathan D. Steele (Elster, Matthew) (Entered: 06/19/2026) |
| 07/05/2026 | 12 | MOTION by Plaintiff Matthew D. Yeager to disqualify Beermann LLP as counsel for defendant Pamela Sochor. (Received via pro se portal on 07/05/26)<br><br>(aee, ) (Entered: 07/06/2026) |
| 07/08/2026 | 13 | MINUTE entry before the Honorable Sharon Johnson Coleman: An in-person status hearing is set for 7/22/2026 at 9:45 AM in courtroom 1241. Mailed notice. (ym) (Entered: 07/08/2026) |
| 07/20/2026 | 14 | RESPONSE by Beermann LLP, John M. D'Arco, Candace L. Meyers, Pamela Sochor, Jonathan D. Steelein Opposition to MOTION by Plaintiff Matthew D. Yeager to disqualify Beermann LLP as counsel for defendant Pamela Sochor<br><br>12 (Elster, Matthew) (Entered: 07/20/2026) |
| 07/21/2026 | 15 | REPLY by Matthew D. Yeager in Support of MOTION by Plaintiff Matthew D. Yeager to disqualify Beermann LLP as counsel for defendant Pamela Sochor<br><br>12 (Received via pro se online portal on 7/21/2026) (emc, ) (Entered: 07/21/2026) |
| 07/22/2026 | 16 | MINUTE entry before the Honorable Sharon Johnson Coleman: Status hearing held on 7/22/2026. Oral argument held as to plaintiff's motion to disqualify Beerman LLP as counsel for defendant Pamela Sochor 12 . The Couret denies the motion. Counsel for defendants reported as to the status of the case; defendants' responsive pleading is due on 8/17/2026 and counsel reported that defendants intend to file a 12(b) motion with a request to stay discovery pending ruling of the motion. Once defendants file their motion, the Court will enter a briefing schedule and set a hearing for oral argument. Mailed notice. (ym) (Entered: 07/22/2026) |
| 08/14/2026 | 17 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants Beermann LLP, John M. D'Arco, Candace L. Meyers, Pamela Sochor, Jonathan D. Steele |

| | | |
|---|---|---|
| | | (Attachments: # 1 Exhibit June 10, 2026 State Court Fee Order)(Elster, Matthew) (Entered: 08/14/2026) |
| 08/14/2026 | 18 | MOTION by Defendants Beermann LLP, John M. D'Arco, Candace L. Meyers, Pamela Sochor, Jonathan D. Steele for sanctions<br><br>(Attachments: # 1 Exhibit Defendants' Rule 11 Letter, # 2 Exhibit Plaintiff's Response, # 3 Exhibit Excerpt of August 6, 2026 state court proceedings)(Elster, Matthew) (Entered: 08/14/2026) |
| 08/14/2026 | 19 | NOTICE of Motion by Matthew David Elster for presentment of Motion to Dismiss for Failure to State a Claim 17 , motion for sanctions, 18 before Honorable Sharon Johnson Coleman on 8/26/2026 at 10:00 AM. (Elster, Matthew) (Entered: 08/14/2026) |
| 08/17/2026 | 20 | MINUTE entry before the Honorable Sharon Johnson Coleman: Plaintiff shall file responses to Defendants Beermann LLP, John M. D'Arco, Candace L. Meyers, Pamela Sochor, Jonathan D. Steele's motion to dismiss 17 and motion for sanctions pursuant to Federal Rule of Civil Procedure 11 18 by 10/1/2026. Defendants shall file replies by 10/15/2026. Once the matter is fully briefed, the Court shall take it under advisement. No appearance necessary on 8/26/2026. Mailed notice. (ym) (Entered: 08/17/2026) |
| 08/24/2026 | 22 | MINUTE entry before the Honorable Sharon Johnson Coleman: The Court denies Mr. Yaeger's emergency motion for an ex parte temporary restraining order ("TRO") 21 . The Court considers it improper and inconsistent with the principles of Federalism to enter a TRO restraining a party from seeking relief to which it believes it is entitled in a state court. Mr. Yaeger obviously believes that Defendants are incorrect to seek fees related to this cost of this litigation in the underlying state court dispute, but the place to contest such fees is in the courts of Illinois, not in Federal court. Indeed, from Mr. Yaeger's brief, it appears that the state judge may already agree with him. See dkt. 21 at *13. Moreover, the Court does not find that Mr. Yaeger will suffer any irreparable harm, as any improperly awarded fees can be reversed later. See, e.g., American Hosp. Ass'n v. Harris, 625 F.2d 1328, 1331 (7th Cir.1980) (mere monetary injuries, however substantial, are not enough to constitute irreparable harm). Because Mr. Yaeger cannot show that he is subject to irreparable harm, he does not meet the criteria for a TRO, so the Court must deny the motion. See, e.g., Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008) ("Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction.") Finally, the Court observes that Mr. Yaeger has filed his motion under seal without following the procedures in Local Rule 26.2 for requesting permission from the Court to do so. The Court directs Mr. Yaeger to file a motion by 8/31/2026 seeking leave to file under seal and explaining why filing under seal is necessary. Alternatively, Mr. Yaeger may file a motion to withdraw and strike his denied emergency motion for a TRO. If the Court does not receive a timely filing from Mr. Yaeger, then it will order the motion unsealed on 9/1/2026. Mailed notice. (ym) (Entered: 08/24/2026) |
| 08/26/2026 | 23 | MOTION by Plaintiff Matthew D. Yeager for Rule 59(E) alteration (Received via pro se online portal on 8/26/2026)<br><br>(emc, ) (Entered: 08/27/2026) |
| 08/31/2026 | 24 | MINUTE entry before the Honorable Sharon Johnson Coleman: The Court denies Mr. Yaeger's motion for reconsideration pursuant to Rule 59(e) 23 . A motion to reconsider serves a limited function and should only be presented when there has |

| | | |
|---|---|---|
| | | been a significant change in law or facts after the issue is presented to the Court, or the Court has "patently misunderstood a party," has "made a decision outside the adversarial issues presented" to it or has "made an error not of reasoning but of apprehension." Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990). "Such problems rarely arise and the motions to reconsider should be equally rare." Id. (internal quotations omitted). Here, Mr. Yaeger has not shown a material change in the facts, nor that the Court misunderstood the motion, nor that the Court based its decision on a factor outside adversarial (or, in this case, ex parte) presentation, nor that the Court made an error of apprehension rather than judgment. Mr. Yaeger has not shown that any First Amendment injury has occurred or is likely to occur. Defendants are not state actors; they therefore are not bound by the First Amendment. Fairley v. Andrews, 578 F.3d 518, 524 (7th Cir. 2009). That distinguishes this case from Am. Acad. of Pediatrics v. Uthmeier, cited by Mr. Yaeger, where the defendant is the attorney general of Florida. No. 26 C 2401, 2026 WL 1552734 (N.D. Ill. June 2, 2026). Moreover, the injunction entered by Judge Kennelly in that order is currently stayed by the Seventh Circuit, meaning that it has essentially no precedential value. See Am. Acad. of Pediatrics v. Uthmeier, 180 F.4th 1022 (7th Cir. 2026). More broadly, Mr. Yaeger's access to the Courts has demonstrably not been chilled, as his active litigation in this case amply shows. The only other harm alleged is monetary, and nothing in Mr. Yaeger's new motion disturbs the Court's finding that his potential monetary injuries would constitute irreparable harm. If Mr. Yaeger believes that Defendants' pursuit of fees in the state court proceeding is incorrect, then he must contest them in state court. If the state court judge rules against Mr. Yaeger, then he can appeal that decision to the state appellate courts. But this federal Court has no role to play. The motion for reconsideration 23 is denied. Finally, after further investigation, the Court has determined that Mr. Yaeger's TRO motion was automatically filed under seal by the Clerk's Office because Mr. Yaeger titled it as an "Emergency Ex Parte Motion." Mr. Yaeger thus appears not to have violated Local Rule 26.2. The Court therefore rescinds the portion of its previous order in dkt. 22 criticizing Mr. Yaeger for filing his motion under seal without requesting permission and directing Mr. Yaeger to move to seal his TRO motion, or else to withdraw and strike the motion. Mailed notice. (ym) (Entered: 08/31/2026) |
| 09/02/2026 | 25 | MOTION by Defendants Beermann LLP, John M. D'Arco, Candace L. Meyers, Pamela Sochor, Jonathan D. Steele to unseal document *No. 21 (ex parte motion for TRO)*<br><br>(Elster, Matthew) (Entered: 09/02/2026) |
| 09/02/2026 | 26 | MINUTE entry before the Honorable Sharon Johnson Coleman: The Court has received Defendants' motion 25 to unseal docket entry 21. Because Defendants do not indicate Mr. Yaeger's position, or whether they conferred with him at all prior to filing the motion, the Court will give Mr. Yaeger a chance to respond. If there is any reason why Mr. Yaeger's TRO motion should remain sealed, or if there are any portions of the TRO motion that should be redacted, Mr. Yaeger must say so by 9/9/2026 in a written response filed on the Court's docket. If Mr. Yaeger does not timely submit a response, the Court will presume that he does not oppose Defendant's motion to unseal. Mailed notice. (ym) (Entered: 09/02/2026) |
| 09/03/2026 | 27 | NOTICE of appeal by Matthew D. Yaeger regarding orders 22 , 24 (Received via pro se online portal on 9/3/2026) (emc, ) (Entered: 09/04/2026) |
| 09/04/2026 | 28 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 27 (emc, ) (Entered: 09/04/2026) |