**THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| MATTHEW D. YEAGER,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN D. STEELE, ESQ., CANDACE L. MEYERS, ESQ., JOHN M. D'ARCO, ESQ., BEERMANN LLP, PAMELA SOCHOR, and KWAME RAOUL,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 1:26-cv-06793<br><br>Hon. Sharon Johnson Coleman, Judge Presiding<br><br>Magistrate Judge Keri L. Holleb Hotaling |

**NON-STATE DEFENDANTS' REPLY**
**IN SUPPORT OF MOTION TO DISMISS**

Defendants, Jonathan D. Steele, Candace L. Meyers, John M. D'Arco, Beermann LLP, and Pamela Sochor (the "**Defendants**"), through their attorneys, Beermann LLP, submit this reply in support of their motion to dismiss Plaintiff's Complaint (ECF #1) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## I. PLAINTIFF CONCEDES HE LACKS STANDING TO ASSERT INJURIES ALLEGEDLY SUSTAINED BY NON-PARTY TRUSTS.

In the first section of their Motion, Defendants sought the dismissal of Counts I, IV, V, and VI of Plaintiff's Complaint based upon his lack of standing. Insofar as Plaintiff conceded he "exercises no control" over and "lacks authority over trust management" for the so-called "Yeager Trusts" whose assets and contractual arrangements Defendants allegedly impaired, Defendants maintained that he lacked standing to assert claims belonging to the Yeager Trusts and which only the trustee of those trusts could assert.

In his Opposition, Plaintiff does not address his lack of standing at all. The closest he comes is falsely accusing Defendants of relying upon matters outside the Complaint, namely, the suggestion that "(3) Plaintiff exercises no control over the Yeager Trusts." *Oppo. at 8.* Defendants do no such thing. Paragraph 19 of Plaintiff's Complaint provides, in full, as follows:

> Plaintiff exercises no control over the Yeager Trusts. The trusts are administered by independent fiduciaries, and Plaintiff lacks authority over trust management, distributions, or the disposition of trust assets. Dkt. 1; ¶19.

Plaintiff's failure to respond to Defendants' arguments regarding his lack of standing results not only in his waiver of the issue, but also in his concession. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010); *ATC Healthcare Services, Inc. v. RCM Techs., Inc.*, 282 F. Supp. 3d 1043, 1050 (N.D. Ill. 2017) ("Failure to respond to an argument in a motion to dismiss permits an inference of acquiescence to the argument which acts as a waiver."). Counts I, IV, V, and VI should be dismissed.

## II. ABSTENTION IS APPROPRIATE HERE.

Defendants next argued that this Court should abstain from hearing this matter, conceding that while no abstention doctrine perfectly applied to this case, the principles underlying *Rooker-Feldman*, *Younger*, and the domestic relations exception supported abstention. Rather than addressing the constitutional principles underlying these doctrines, Plaintiff addresses each one independently. In so doing, he misses the point entirely.

As the Seventh Circuit has repeatedly held—most recently in *Hadzi-Tanovic* and *Woodard*—the "underlying principles of comity, equity, and federalism" supporting these doctrines warrant abstention over claims seeking to interfere with ongoing state court domestic relations proceedings, even where no one doctrine "fits exactly." *J.B. v. Woodard,* 997 F.3d 714, 724 (7th Cir. 2021); *Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 400 n.2 (7th Cir. 2023). And because there can be no question that Plaintiff's Complaint seeks to directly interfere with the ongoing state court domestic relations proceedings, abstention is warranted here.

## III. PLAINTIFF'S COMPLAINT SHOULD ALSO BE DISMISSED UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM.

Even conceding Plaintiff's standing, and even if abstention is deemed inappropriate, Defendants further argued, in section III of their Motion, that dismissal of all of Plaintiff's claims was warranted based upon his failure to state any claims upon which relief could be granted for a number of reasons.

### a. Counts I–IV Fail Because the Moving Defendants Are Not State Actors.

The first four counts of Plaintiff's Complaint are brought pursuant to section 1983, which, Plaintiff acknowledges, requires state action. Recognizing the longstanding rule that private litigants and their attorneys are not state actors simply by virtue of participating in civil proceedings, Plaintiff attempts to manufacture state action where none exists by stretching the Supreme Court's decision in *Lugar* far past its breaking point. *Oppo. § IV.*

In *Lugar*, the defendant went to state court and obtained an *ex parte* writ of attachment against the plaintiff's property, which the county sheriff then executed.

Lugar sued Edmondson under section 1983, challenging the constitutionality of the state's statutory procedure for attachment. The Supreme Court held that the suit could be maintained even though no public official had been named as a defendant, explaining that "when the State has created a system whereby state officials will attach property on the *ex parte* application of one party to a private dispute," this is sufficient state action to come within the reach of section 1983. *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 942, 102 S.Ct. 2744, 2756 (1982). In determining whether private action can rise to the level of state action, the *Lugar* court established a two-part test:

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible. … Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor (citations omitted)
> *Id.* at 937, 102 S.Ct. at 2753–54.

Central to *Lugar,* as the Seventh Circuit later held in *Del's*, were the facts that (i) the constitutionality of a state's *ex parte* attachment procedures was squarely at issue; and (ii) a "state court's order gave [a defendant] the powers of the [state]" to seize the plaintiff's property. *Del's Big Saver Foods, Inc. v. Carpenter Cook, Inc.*, 795 F.2d 1344, 1346 (7th Cir. 1986).

This case does not involve an *ex parte* attachment and Plaintiff has not challenged the constitutionality of any provision of the Illinois Marriage and Dissolution of Marriage Act. Accepting Plaintiff's argument would convert *any* invocation of state law in a state court proceedings into a predicate for a section 1983

claim. Such a broad reading of *Lugar* would be irreconcilable with later Supreme Court precedent holding that the "[p]rivate use of state-sanctioned private remedies or procedures does not rise to the level of state action." *Tulsa Professional Collection Services, Inc. v. Pope,* 485 U.S. 478, 485, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988). Indeed, the *Lugar* court itself cautioned against such an expansive read of its holding, explicitly limiting its application only to the specific context of constitutionally dubious *ex parte* attachment orders, stating:

> [W]e do not hold today that "a private party's mere invocation of state legal procedures constitutes 'joint participation' or 'conspiracy' with state officials satisfying the § 1983 requirement of action under color of law."… ***The holding today, as the above analysis makes clear, is limited to the particular context of prejudgment attachment***. (Emphasis added.)
> *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 939, fn. 21 (1982).

As this Court has recognized, the *Lugar* court was "wary of converting every use of legal procedure into state action." *Cremin v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 957 F. Supp. 1460, 1469 (N.D. Ill. 1997). Unsurprisingly, Plaintiff cites no authority holding that the first element of *Lugar* is satisfied when private actors successfully (and properly) invoke state laws to obtain relief in civil litigation. Insofar as "[a] private party's *misuse* of a state statute does not reflect a state cause," a lawful invocation of a state statute cannot satisfy this test. (Emphasis original.) *Greco v. Guss*, 775 F.2d 161, 166 (7th Cir. 1985).

Even if Plaintiff could satisfy the first *Lugar* prong, he indisputably has not alleged and cannot establish the joint action necessary to satisfy the second.

Plaintiff's analysis under this prong is bereft of citation to any authority, and unsurprisingly so. The law is well-settled that private litigants and attorneys do not become state actors merely by prevailing in state court. *Dennis v. Sparks*, 449 U.S. 24, 28 (1980). And nothing in Plaintiff's Complaint satisfies the "high standard of plausibility" required to establish the level of joint action necessary to sustain a section 1983 claim. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009). The word "conspiracy" appears nowhere in Plaintiff's Complaint and the only specific joint action alleged is between the Defendants themselves (Compl. ¶¶3, 62, 117, 118). Nothing in his Complaint, even when liberally construed, rises to anything more than routine litigation conduct. He cannot establish state action and his section 1983 claims must fail.

**b. Plaintiff's Constitutional Claims Fail on the Merits.**

Even if Plaintiff could establish state action, he has failed to allege anything coming close to a constitutional violation, further warranting the dismissal of Counts I–IV.

i. <u>Count I: Judicial Takings</u>

In their Motion to Dismiss, Defendants argued that the Takings Clause of the Fifth Amendment—which restrains the government from taking private property for public use without just compensation—had no application to a fee award entered in civil litigation between two private litigants, warranting the dismissal of Count I of Plaintiff's Complaint. Plaintiff's Opposition makes no mention of judicial takings and

mounts no defense to Defendants' arguments. He has, once again, conceded this issue. *Bonte*, 624 F.3d at 466; *ATC Healthcare*, 282 F. Supp. 3d at 1050.

Insofar as "no federal court of appeals has recognized this judicial-takings theory [that a judicial determination may constitute a taking]," in the face of Plaintiff's waiver, this Court should not be the first. *Pavlock v. Holcomb*, 35 F.4th 581, 587 (7th Cir. 2022).

ii. Count II: Procedural Due Process

Defendants further argued that insofar as Plaintiff admittedly received notice of, objected to, and participated in the hearing of Defendants' requests for fees in the state court, he could not establish a deprivation of his procedural due process rights. Nothing in his Opposition alters that fact. His only cited authority, *Mathews v. Eldridge*, 424 U.S. 319, merely stands for the proposition that a party is entitled to notice and an opportunity to be heard. Plaintiff received both in state court. If he is unhappy with the state court's rulings, he may appeal them. Nothing in his Complaint—or the law—supports his unfounded assertion that he lacks a "constitutionally adequate procedure[]" for contesting the basis of the state court's rulings. *Oppo. at 6*.

iii. Count III: Substantive Due Process

Count III of Plaintiff's Complaint, which alleges a substantive due process violation, fares no better. As Defendants argued in their Motion, such a claim is reserved for only the most egregious official conduct which shocks the conscience. *Robbin v. City of Berwyn*, 108 F.4th 586, 591 (7th Cir. 2024); *Lee v. City of Chicago*,

330 F.3d 456, 467 (7th Cir. 2003). Plaintiff's Opposition devotes a single paragraph to his defense of this claim, baldly asserting that he "plausibly alleges arbitrary governmental action" without identifying how or why. *Oppo. at 6*. Nothing in his Complaint comes close to satisfying the stringent "shocks the conscience" standard necessary to sustain a substantive due process claim.

iv. Count IV: Contract Clause

In Count IV of his Complaint, Plaintiff accuses Defendants of impairing his rights under various contracts, in violation of the Contract Clause of the United States Constitution. As Defendants argued in their Motion, such a claim requires a *legislative* impairment, something Plaintiff failed to allege and cannot establish.

Plaintiff's Opposition avoids addressing this requirement entirely, simply asserting that Defendants "invoked state-created procedures to obtain judicial orders that effectively disregard and impair contractual rights." *Oppo. at 7*. Plaintiff's response misses the point, and his only cited authority—*Sveen*, a case finding no violation of the Contract Clause—does not help him in any way. *Ashley Sveen v. Kaye Melin,* 584 U.S. 811, 819 (2018). Plaintiff's failure to identify any state legislation passed after the contracts in question came into being, coupled with his failure to explain away a century of law deeming the Contract Clause inapplicable to judicial rulings, dooms his claim.

v. Plaintiff's Opposition Defends an Equal Protection Claim He Never Made.

In Section II.b of his opposition, Plaintiff claims his "Equal Protection claim is likewise sufficient at the pleading stage." Plaintiff, however, does not advance an

equal protection claim in his Complaint, and the law is well-settled that he "may not amend his complaint in his response brief." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011).

**c. Count V: Plaintiff's Exchange Act Claim Fails Under *Edelson*.**

In *Edelson,* the Seventh Circuit prescribed the circumstances in which a private party may assert a cause of action under section 13(d), stating:

> a private cause of action pursuant to § 13(d) arises only in the context of a tender offer or aggregation of shares for the purpose of controlling the issuer. … Having concluded that Congress intended to recognize a private cause of action under § 13(d) only in the context of a tender offer or other contest for control, our disposition of Mr. Edelson's claim is straightforward.
> *Edelson v. Ch'ien*, 405 F.3d 620, 634 (2005).

Faced with this inconvenient authority, and the absence of any allegations pertaining to a tender offer or contest for control in his Complaint, Plaintiff simply invents holdings the *Edelson* court did not make, stating that it "did not…hold that Section 13(d) applies only to tender offers, proxy contests, or traditional contests for corporate control." *Oppo. at 3*. Plaintiff's argument is irreconcilable with *Edelson*'s explicit holding to the contrary. In the absence "of a tender offer or other contest for control," neither of which is alleged here, a private plaintiff cannot sustain a claim under section 13(d).

None of Plaintiff's authorities permit this Court to ignore *Edelson*. *Drexel Burnham Lambert*, a 1993 New York district court decision, involved an enforcement action by the SEC, an entity whose ability to enforce securities laws was never in doubt. *SEC v. Drexel Burnham Lambert Inc.*, 837 F. Supp. 587 (S.D.N.Y. 1993).

Further, that case involved the actual acquisition and accumulation of shares in the subject entity, something wholly lacking here.

When adjudicating a Motion to Dismiss, this Court need not check its common sense at the door. It is not required to accept Plaintiff's implausible conclusion that an order requiring him (personally) to pay money to his former wife's attorneys gives those attorneys "a direct, non-contingent financial interest in the voting block" of a multi-billion-dollar, publicly traded company in which Plaintiff, admittedly, does not even possess an ownership interest. See *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) ("the plausibility determination is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.") (internal citations omitted). Nothing in Plaintiff's Complaint—or his Opposition—supports the notion that an interim fee award confers on the recipient of that award voting or investment power over shares held by a non-party entity, both of which are the hallmarks of the beneficial ownership required to sustain a section 13(d) claim. 17 C.F.R. § 240.13d-3(a); *Bath Indus., Inc. v. Blot*, 427 F.2d 97, 109, 112 (7th Cir. 1970).

**d. Count VI Is Barred by the Absolute Litigation Privilege and Is Insufficiently Pled.**

Count VI of Plaintiff's Complaint is a state-law claim for tortious interference with contract. As Defendants argued in their Motion, this claim is both (i) barred by Illinois' absolute attorney litigation privilege; and (ii) insufficiently pled. Once again, Plaintiff's Opposition does not attempt to defend this count or address any of the

arguments advanced by Defendants. This Court should find the arguments conceded under *Bonte* and *ATC Healthcare*.

## IV. DISMISSAL SHOULD BE WITH PREJUDICE.

In their Motion, Defendants argued that dismissal of Plaintiff's Complaint should be with prejudice and without leave to amend. Plaintiff does not address this argument at all. Nor does he anywhere request leave to amend his Complaint, tender a proposed amendment, or even suggest what he would add in such an amended pleading. His silence warrants dismissal with prejudice. As the Seventh Circuit explained in *Alioto*:

> Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning. It would have been far wiser for Alioto to have responded to the defendants' arguments while explaining why, if the court did not accept his contentions, any dismissal should have been without prejudice. He did not do so. (citations omitted)
> *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (affirming dismissal with prejudice).

To the extent this case even belongs in federal court (it does not), Plaintiff has not advanced a single plausible claim against a single defendant. Nor can he. This action should be dismissed with prejudice.

**WHEREFORE**, Defendants, Jonathan D. Steele, Candace L. Meyers, John M. D'Arco, Beermann LLP, and Pamela Sochor, respectfully seek an order:

A. Dismissing Plaintiff's Complaint with prejudice; and

B. Granting them such other and further relief as this Honorable Court deems equitable and just under the facts and circumstances presented herein.

Dated: October 15, 2026

**BEERMANN LLP**
161 N Clark Street #3000
Chicago, IL 60601
312.621.9700
mdelster@beermannlaw.com

Respectfully submitted,

**BEERMANN LLP**

*<u>/s/ Matthew D. Elster</u>*

Attorney for Defendants Jonathan D. Steele, Candace L. Meyers, John M. D'Arco, Beermann LLP, and Pamela Sochor

## CERTIFICATE OF SERVICE

I certify that on October 15, 2026, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send notice to all parties and counsel of record.

/s/ *Matthew D. Elster*