BC

FILED
10/22/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
MPV

**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MATTHEW D. YEAGER, | |
| Plaintiff, | Civil No. 1:26-cv-06793 |
| v. | District Judge Sharon Johnson Coleman |
| JONATHAN D. STEELE et al., | **PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY AND COMPLETE QUOTATIONS** |
| Defendants. | |

Plaintiff Matthew D. Yeager for his notice of supplemental authority and complete quotations, states as follows:

Plaintiff respectfully notifies the Court that Non-State Defendants' reply brief in support of their motion selectively omits controlling language and thereby misapprehends the holdings under five (5) separate authorities. The following presents an itemization to correct the record hereunder:

**[1]** *Greco v. Guss*, 775 F.2d 161 (7th Cir. 1985) – omission of "without more" (ECF 40 at 5)

Defendants quote: "'private party's misuse of a state statute does not reflect a state cause,' a lawful invocation... cannot satisfy." However, the full text tells a different story: "But 'a private party's misuse of the courts, **without more**, does not constitute state action for purposes of section 1983.' 775 F.2d at 170 (emphasis added)." The next sentence is also essential:

"Deprivation can still be under color of law if the authority of state officials puts the weight of the State behind the private decision." *Id.* at 167.

In fact, Plaintiff alleges "more": (a) Sept. 25, 2026 Prayer at ¶ C directing $12,000 be "paid to Beermann LLP, which may enforce in its own name pursuant to 750 ILCS 5/508(a)" and (b) contemporaneous Supplemental Affidavit ¶ 4(b) billing $4,400 to Sochor to oppose this federal action while ¶ 5 avers the law firm defends "at its own expense." This is not a lawful invocation of a client remedy; it is direct-to-firm enforcement – summary asset-stripping – with contempt, pleaded at ¶¶ 55,62,64,117.

**[2]** *Tulsa Professional Collection Servs. v. Pope*, 485 U.S. 478 (1988) – reversed holding (ECF 40 at 5)

Defendants attribute to *Pope*: "Private use of state-sanctioned private remedies... does not rise to the level of state action." *Pope* does not so hold. *Pope* held Oklahoma that a probate nonclaim statute **was state action** because court involvement was necessary to activate time bar, 485 U.S. at 486-87. The quoted language derives from *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149 (1978). Defendants invert the authority: *Pope* supports state action where court machinery is enlisted – as here where Judge Rosenberg's Sept. 9, 2026 Order footer states "Order Prepared By BEERMANN LLP."

**[3]** *Dennis v. Sparks*, 449 U.S. 24 (1980) – inverted (ECF 40 at 6)

Defendants state in their reply brief: "private litigants and attorneys do not become state actors merely by prevailing..." citing to p. 28.

*Dennis* actually holds: "Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law..." 449 U.S. at 27-28, and "private persons who corruptly conspire with a judge in connection with... deprivation... are acting under color of state law." *Id.* Defendants omit that Plaintiff pleads joint action under *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982) two-part test: (i) deprivation caused by exercise of state-created right (508(a)(6) plus contempt, 735 ILCS 5/2-1402 power), and (ii) joint participation (Prayer ¶C plus $4,400 billing for fees in this suit and inseparable representation *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715 (7th Cir. 1982)). Word "conspiracy" not required; *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) permits circumstantial pleading.

Defendants' reliance on *Del's Big Saver Foods, Inc. v. Carpenter Cook*, 795 F.2d 1344, 1346 (7th Cir. 1986) for a new element – "constitutionality of statute must be squarely at issue" – is dicta. *Del's* distinguishes *Lugar* because the sheriff did not participate; here sheriff-equivalent contempt power is explicitly invoked.

**[4]** *Sveen v. Melin*, 584 U.S. 811 (2018) - retrospective analysis failure (ECF 40 at 8)

Defendants rely on *Sveen v. Melin*, 584 U.S. 811 (2018) – cited as fatal – but its holding favors Plaintiff. *Sveen* found no Contract Clause violation because statute operated prospectively and did not affect vested irrevocable rights. Plaintiff pleads *retrospective redefinition* of irrevocable spendthrift trusts together with disregardment of 2018 MSA waiver under 750 ILCS 5/502(f) – a non-frivolous extension of the same reasoning and doctrine.

**[5]** *Drexel Burnham Lambert* misapprehension (ECF 40 at 9-10)

Defendants contend that *Drexel Burnham Lambert* is irrelevant because it required "actual acquisition and accumulation of shares" under *Bath Indus., Inc. v. Blot*, 427 F.2d 97 (7th Cir. 1970). However, *Bath* concerns group formation for control, not definition of beneficial ownership. 17 C.F.R. §240.13d-3(a) defines a beneficial owner as having "power to dispose or to direct disposition." 13d-3(a)(2) and (b) require no purchase. *Drexel Burnham Lambert*, 837 F.Supp. 587, 607-08 (S.D.N.Y. 1993), aff'd under *SEC v. Posner*, 16 F.3d 520 (2d Cir. 1994).

Continuing, in *Drexel Burnham Lambert*, Michael Milken owned **zero** shares yet was liable because he had "significant ability to affect how voting power or investment power would be exercised." Financier Ivan Boesky held legal title as parking agent, which is analogous to state-court docket

ledgering entire corpus of Yeager Trusts holding 62.2% voting power of $10B public issuer (Yeager Corp.), while Beermann LLP acts as the "Milken architect" seeking direct-to-firm enforcement. *Wellman v. Dickinson*, 682 F.2d 355 (2nd. Cir. 1982); *Savoy Indus.*, 587 F.2d 1149 (D.C. Cir. 1978); *GAF Corp. v. Milstein*, 453 F.2d 709 (2nd Cir. 1971).

Dated: **October 22, 2026** Respectfully submitted,

/s/ Matthew D. Yeager, In Pro Se
1047 Hickory Drive
Western Springs, IL 60558
Email: matthewyeager2024@gmail.com
Tel: (630) 862-1123

**CERTIFICATE OF SERVICE**

Plaintiff certifies that he has electronically filed this paper with the Court and upon opposing counsel which have filed their appearance in this matter.

Dated: **October 22, 2026** /s/ Matthew D. Yeager